**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JUAN PEREZ-PADRON,<br><br>Defendant-Appellant. | No. 16-50151<br><br>D.C. No. 3:15-cr-02408-BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Juan Perez-Padron appeals from the district court's judgment and challenges the 86-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Perez-Padron's contention, the court did not deny his request for a minor role reduction on the basis of its belief that couriers should not receive such reductions, its policy views about the war on drugs, or superseded case law. Rather, the record reflects that the court properly considered the minor role Guideline and its amended commentary, and the totality of the circumstances, to determine whether Perez-Padron was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *see also United States v. Carty*, 520 U.S. 984, 992 (9th Cir. 2008) (en banc) (district court need not "tick off" sentencing factors to show that it has considered them because it is presumed to know the law).

Moreover, the court did not abuse its discretion in concluding that Perez-Padron was not a minor participant in the offense in light of the fact that he had transported drugs into the United States from Mexico on two prior occasions, the large quantity of drugs that he transported, the amount he was to be paid, and the other circumstances of the offense. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

**AFFIRMED**.